# EXHIBIT A

SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMAZON.COM SERVICES LLC; and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ARIA BLACK

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

Electronically Filed
Superior Court of California
County of San Joaquin
2023-01-26 13:59:44
Clerk: Kacey Sutton

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF THE STATE OF CALIFORNIA, County of San Joaquin, 180 E Weber Avenue, Stockton, CA 95202 | CASE NUMBER: *(Número del Caso):* STK-CV-UWT-2023-0000714 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
FLETCHER B. BROWN (State Bar No. 276390), 4400 Keller Ave. #381 Oakland, CA 94605 , 510-986-0441

| DATE: *(Fecha)* 2023-01-26 | Brandon E. Riley | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED: You are served**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* AMAZON.COM SERVICES LLC
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* corp code 17701.16-LLC
4. ☒ by personal delivery on *(date)*

Page 1 of 1

[SEAL]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Electronically Filed
Superior Court of California
County of San Joaquin
2023-01-26 13:59:44
Clerk: Kacey Sutton

Case Management Conference
2023-07-26 8:45AM in 10B

STK-CV-UWT-2023-0000714

FLETCHER B. BROWN (State Bar No. 276390)
FLETCHER B. BROWN LAW FIRM
4400 Keller Ave. #381
Oakland, CA 94605
Fletcher@FletcherBrown.law
Telephone: 510-986-0441
Facsimile: 510-978-4717

Attorney for Plaintiff,
ARIA BLACK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN JOAQUIN

## UNLIMITED JURISDICTION

| | |
|---|---|
| ARIA BLACK, | Case No.: |
| Plaintiff, | |
| vs. | COMPLAINT FOR: |
| AMAZON.COM SERVICES LLC; and DOES 1-20, inclusive, | 1. DISABILITY DISCRIMINATION, |
| | 2. RETALIATION FOR REQUESTING A REASONABLE ACCOMMODATION, |
| Defendants. | 3. FAILURE TO REASONABLY ACCOMMODATE; AND |
| | 4. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS. |
| | |
| | [JURY TRIAL DEMANDED] |

Complaint for Damages

Aria Black (hereinafter "Plaintiff") was an employee of Amazon.com Services LLC (hereinafter "Defendant") and was wrongfully terminated for pretextual reasons by Defendant. The real reason for her termination was because of Disability Discrimination, Retaliation for requesting a reasonable accommodation. Defendants also failed to reasonably accommodate Plaintiff and Failed to Engage in the Interactive Process. Plaintiff hereby demands a Jury Trial, complains, and alleges the following:

## PARTIES

1. Plaintiff is an individual that lived and worked in California throughout the events detailed in this complaint.

2. Amazon.com Services LLC is located at 1555 N Chrisman Rd, Tracy, CA, 95304-9370. Defendant's headquarters are located in 410 Terry Avenue North Seattle, WA 98109. Defendant has done business in the County of San Joaquin.

3. The true names and capacities of defendants named as DOES 1 through 20 are unknown and are therefore sued by fictitious names. Plaintiff will amend this complaint to show the true names and capacities when they are ascertained.

## GENERAL FACTS

4. In mid-May 2019, Plaintiff was hired in a stower position by Defendant.

5. Plaintiff's performance was satisfactory throughout her employment with Defendant.

6. Plaintiff's supervisor was Shannon McGuinness (hereinafter as "Ms. McGuinness")

7. On June 19th, 2019, Plaintiff was injured while on the job. Plaintiff was evaluated by a doctor at Concentra through telemedicine.

8. On June 19th, 2019, Plaintiff sustained a work-related cumulative injury to her right hand and wrist and became disabled and protected by the California Fair Employment and Housing Act ("FEHA") Government Code Section 12940(a). Among other major life activities, Plaintiff became substantially limited in her ability to engage in certain activities of daily living and work. Specifically in regard to work, Plaintiff was limited in her ability to perform work activities such as lifting heavy objects, repetitive

keyboarding, writing, gripping, and limited pushing and pulling up to 5 pounds to 25 pounds.

9. On June 20th, 2019, Plaintiff reported her injury to Ms. McGuinness, and continued working without any accommodation until June 24, 2019.

10. On June 24th, 2019, Plaintiff had a telemedicine appointment where she received the following medical restrictions: no lifting, pushing/pulling up to 5lbs, gripping/squeezing with right upper extremity, and required to wear a brace.

11. On June 26th, 2019, Plaintiff was transferred to the Store Shop Department.

12. Plaintiff was informed by a Human Resources personnel named Amber Doe (hereinafter as "Ms. Amber") that Plaintiff's position in the Store Shop Department would be ended in late December 2019 and that Plaintiff would be able to return to the Stower position by January 2020.

13. In late January 2020, Plaintiff received a call from the HR department of Defendant referring to her reintegration to duties, Plaintiff affirmed her intentions to continue working with Defendant and requested a reasonable accommodation for her ongoing injury.

14. Shortly thereafter, Plaintiff received a "job abandonment" email from Defendant for which Plaintiff reiterate her intention to keep her job.

15. On April 4, 2020, Defendant sent Plaintiff a letter stating that Plaintiff was terminated effectively on April 2, 2020. Defendant terminated Plaintiff without good cause, knowing it lacked good cause and for stated reasons that were pre-textual. The real reason for Plaintiff's termination was because of her disability and requesting a reasonable accommodation. Defendant also failed in their duty to provide a reasonable accommodation and to engage in the interactive process, terminating Plaintiff while she was still receiving treatment for her work-related injury.

16. Plaintiff requested and received a Right to Sue Letter from the Department of Fair Housing and Employment on November 18th, 2022.

Complaint for Damages

**FIRST CAUSE OF ACTION**

**DISABILITY DISCRIMATION**

As a first, separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 20, and each of them, and for a cause of action alleges:

17. Plaintiff hereby incorporates by reference the factual allegations contained in Paragraphs 4 through 15 of this pleading.

18. Plaintiff was discharged from employment for reasons that violate public policy. It is a violation of public policy to discharge someone from employment because of a disability as defined by the California Fair Employment and Housing Act Government Code Section 12940(a).

19. California has a public policy of not discriminating against disabled persons and this policy is codified within the Fair Employment and Housing Act.

20. Plaintiff was disabled as defined in the California Fair Housing and Employment Act.

21. As a direct, proximate and legal result of Defendants' unlawful employment practices as alleged above, plaintiff has suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to their damage and detriment, in a sum according to proof at trial.

22. Plaintiff is entitled to any and all compensatory, emotional distress and punitive damages recoverable under California law, as well as costs and attorney's fees as provided by statute.

## SECOND CAUSE OF ACTION

### RETALIATION FOR REQUESTING REASONABLE ACCOMMODATION

As a second, separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 20, and each of them, and for a cause of action alleges:

23. Plaintiff hereby incorporates by reference Paragraphs 4 through 21, inclusive, as though set forth here in full.

24. Defendant and Does 1 through 20, and each of them, retaliated against Plaintiff because of her requesting reasonable accommodation, in violation of the California Fair Employment and Housing Act.

25. Plaintiff timely filed an administrative complaint of Defendant's retaliation against her because of requesting reasonable accommodation. The California Department of Fair Employment and Housing issued Plaintiff a Right to Sue Letter within one year before the filling of this lawsuit.

26. As a direct, proximate and legal result of Defendants' unlawful employment practices as alleged above, plaintiff has suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to their damage and detriment, in a sum according to proof at trial.

27. Defendant and Does 1 through 20, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious or disregard of the rights of Plaintiff, and with the intention of causing or in reckless disregard of the probability of causing his injury and emotional distress.

28. Plaintiff is entitled to any and all compensatory, emotional distress and punitive damages recoverable under California law, as well as costs and attorney's fees as provided by statute.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REASONABLE ACCOMMODATION

As a third, separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 20, and each of them, and for a cause of action alleges:

29. Plaintiff hereby incorporates by reference Paragraphs 4 through 27, inclusive, as though set forth here in full.

30. Defendants and Does 1 through 20, and each of them, failed to reasonably accommodate Plaintiff for his injury, in violation of the California Fair Employment and Housing Act, Government Code Section 12490(m)(1).

31. Defendant discharged Plaintiff on December 28th, 2019, for pre-textual reasons. The real reason was because of her disability, requesting a reasonable accommodation and complaining about workplace violence.

32. As a direct, proximate and legal result of Defendants' unlawful employment practices as alleged above, plaintiff has suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to their damage and detriment, in a sum according to proof at trial.

33. Defendant and Does 1 through 20, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious or disregard of the rights of Plaintiff, and with the intention of causing or in reckless disregard of the probability of causing his injury and emotional distress.

34. Plaintiff is entitled to any and all compensatory, emotional distress and punitive damages recoverable under California law, as well as costs and attorney's fees as provided by statute.

## FOURTH CAUSE OF ACTION

## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

As a fourth, separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 20, and each of them, and for a cause of action alleges:

35. Plaintiff hereby incorporates by reference Paragraphs 4 through 33, inclusive, as though set forth here in full.

36. Defendants and Does 1 through 20, and each of them, failed to timely engage in the interactive process, in violation of the California Fair Employment and Housing Act, Government Code Section 12490(m)(1).

37. As a direct, proximate and legal result of Defendants' unlawful employment practices as alleged above, plaintiff has suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to their damage and detriment, in a sum according to proof at trial.

38. Defendant and Does 1 through 20, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious or disregard of the rights of Plaintiff, and with the intention of causing or in reckless disregard of the probability of causing his injury and emotional distress.

39. Plaintiff is entitled to any and all compensatory, emotional distress and punitive damages recoverable under California law, as well as costs and attorney's fees as provided by statute.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, prays for judgment against Defendant and each of them, as follows:

    A.  Plaintiff is entitled to Economic Damages including back pay and future loss of earnings.

    B.  Plaintiff is entitled to Damages for Emotional Distress for prior emotional distress and emotional distress "reasonably certain to result in the future".

    C.  Plaintiff is entitled to Punitive Damages to punish Defendant.

    D.  Plaintiff is entitled to costs to bring the action.

    E.  Plaintiff is entitled to attorney fees in bringing the action. (FEHA)

    F.  Plaintiff asks the Court for any other relief which the Court deems proper.

Dated this January 17th, 2023,

**Fletcher Bernard Brown Esq.**
Attorney for Aria Black

Complaint for Damages

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>FLETCHER B. BROWN (State Bar No. 276390)<br>4400 Keller Ave. #381<br>Oakland, CA 94605<br>TELEPHONE NO.: 510-986-0441    FAX NO. *(Optional)*: 510-978-4717<br>ATTORNEY FOR *(Name)*: ARIA BLACK | Electronically Filed<br>Superior Court of California<br>County of San Joaquin<br>2023-01-26 13:59:44<br>Clerk: Kacey Sutton |

Case 2:23-cv-00417-JDP   Document 1-3   Filed 03/08/23   Page 11 of 13

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN JOAQUIN**
STREET ADDRESS: 180 E Weber Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME:

| CASE NAME:<br>ARIA BLACK vs AMAZON.COM SERVICES LLC; and DOES 1-20, inclusive | Case Management Conference<br>2023-07-26 8:45AM in 10B |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>STK-CV-UWT-2023-0000714 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [x] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: January 17, 2023

Fletcher B. Brown
_____
(TYPE OR PRINT NAME)           ▶      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

Case Number: **STK-CV-UWT-2023-0000714**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 07/26/2023 | Time:  8:45 AM Department:10B |
|---|---|---|
| **JUDGE** | **COURT LOCATION** | **PHONE Numbers:** |
| THIS CASE HAS BEEN ASSIGNED TO JUDGE ERIN GUY CASTILLO IN DEPARTMENT 10B FOR ALL PURPOSES, INCLUDING TRIAL | **Stockton** | Stockton: 209-992-5693<br>Lodi:      209-992-5522 |

[ **X** ] ADR & Scheduling Information is available on the court website @ sjcourts.org/self-help

1. You must:

   a. **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of filing of the complaint. (CRC 3.110)

   b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

   c. **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

   d. **Collection cases** are managed pursuant to CRC 3.740.

2. Case Management Conferences, Law and Motion and Ex Partes will be held remotely unless ordered otherwise. For telephonic appearance phone numbers, information and instructions visit @ https://www.sjcourts.org/division/civil.

3. If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do.

4. Courtesy Copies: Courtesy copies must be submitted as outlined in Local Rule 3-117. Courtesy copies (only) may be placed in the drop boxes located on the 10th and 11th floor. Courtesy copies can also be placed in the drop box located outside of the courthouse.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules, and forms.

Date: 01/30/2023                                     ___Kacey Sutton___ ,Deputy Clerk

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING